Filed 3/26/24  P. v. Fritz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098577 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR92861) |
| v. | |
| JAMAL DEWAYNE FRITZ, | |
| Defendant and Appellant. | |

Defendant Jamal Dewayne Fritz appeals from a postconviction order denying his request for recall and resentencing pursuant to Penal Code[1] section 1172.75.  Appointed counsel for defendant asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  Defendant has filed a supplemental brief, which we understand to challenge

---

[1]  Further undesignated statutory references are to the Penal Code.

1

the propriety of the trial court's decision that his prior prison term enhancement was ineligible for recall. We have considered defendant's arguments and will affirm the trial court's order. (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232 (*Delgadillo*).)

## BACKGROUND

In February 2000, defendant pleaded guilty to unlawful sexual intercourse (§ 261.5). In March 2001, defendant was convicted of attempted forcible rape (§§ 664/261, subd. (a)(2)), forcible oral copulation (former § 288a, subd. (c)(2)), and forcible sodomy (§ 286, subd. (c)(2)). Defendant was sentenced to serve a 15-year eight-month prison sentence for these convictions. He was paroled in May 2014.

Thereafter, "[i]n 2015, defendant was convicted by court trial of annoying or molesting a child under 18 with a prior sex crime conviction (count I, § 647.6, subd. (c)(2)), unlawful sexual intercourse with a minor (count II, § 261.5, subd. (c)), and possession of obscene matter (count III, § 311.2, subd. (a)). The trial court also found true three prior strikes based on defendant's 2001 felony convictions for attempted forcible rape, forcible oral copulation, and sodomy by use of force. (§§ 667.5, subd. (b), 1170.12.) Defendant served the terms for the 2001 convictions consecutively." (*People v. Fritz* (July 20, 2016, C079871) [nonpub. opn.] (*Fritz*), fn. omitted].)

"The trial court sentenced defendant as follows: 25 years to life plus three years for the three prior prison terms on count I, concurrent 25 years to life plus three years for the three prior prison terms on count II, and a concurrent six months on count III." (*Fritz*, *supra*, C079871.)

Defendant appealed and this court agreed that two of the three prior prison term enhancements associated with defendant's sentence had to be set aside. Specifically, we explained: "[b]ecause defendant served consecutive terms for the 2001 convictions, the terms served for these offenses were not 'separate' terms within the meaning of section 667.5, subdivision (b). Accordingly, there was sufficient evidence to establish the

necessary elements for only one of the section 667.5, subdivision (b) allegations, and it was error to find true all three such allegations. Therefore, the trial court's true finding on two of the section 667.5, subdivision (b) allegations must be set aside." (*Fritz*, *supra*, C079871.)

We "modified [the judgment] to vacate the trial court's true finding on two of the section 667.5, subdivision (b) allegations and to strike the two additional one-year sentences on each felony count (counts I and II)." (*Fritz*, *supra*, C079871.) We otherwise affirmed the judgment. (*Ibid*.)

Thereafter, on October 31, 2022, defendant filed an in propria persona petition for recall and resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), codified as section 1172.75.[2] Counsel for defendant was appointed, and defendant filed a brief arguing defendant should be deemed eligible for relief under section 1172.75 because he "was never advised or informed that these registerable convictions would be classified as anything other than serious felonies."

The People opposed defendant's recall request arguing the amendments to section 667.5, subdivision (b) did not apply to him because his prior convictions were for sexually violent offenses. In reply, defendant argued that because the remittitur did not identify which prison prior enhancements were stricken and because the attempted forcible rape conviction could not now support the enhancement, there was a possibility that defendant was serving an unauthorized sentence requiring he be granted recall and a full resentencing under the new ameliorative rules then in effect. The People's surreply conceded that only two of defendant's three prior convictions qualified as section 667.5 enhancements under current law; however, it was unnecessary to identify which of the

_____

[2] This statute was formerly section 1171.1, but it was renumbered to section 1172.75 without substantive change. (Assem. Bill No. 200 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 58, § 12).)

3

enhancements had been stricken "because the defendant served one single prison term for at least one sexually violent offense," which was sufficient to uphold the one remaining section 667.5, subdivision (b) enhancement.

At the recall and resentencing hearing on May 16, 2023, defendant's attorney reiterated that defendant should be granted a full resentencing hearing because the record did not disclose which of the prior prison allegations had been vacated. He contended that the trial court should grant defendant the most favorable interpretation and find his prior conviction did not comply with the new requirements thus entitling him to recall and resentencing.

The trial court disagreed, concluding that this court's previous appellate decision had determined defendant's prior prison term for three convictions supported only one section 667.5, subdivision (b) enhancement, and thus, struck the other two enhancements and associated two years. Therefore, because defendant served a prior prison term and two of the convictions associated with that term were still eligible as sexually violent offenses under section 667.5, subdivision (b), defendant was ineligible for recall and resentencing. Defendant timely appealed.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is

4

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id*. at p. 232.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not the type of postconviction order at issue here, the same principles may apply, given that this was not defendant's first appeal of right. Following *Delgadillo*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

Defendant contends the trial court erred in denying his resentencing petition because he had been "only charged with 1 violent sexual offense [in] Feb[ruary] 2001 and the Court of Appeals [*sic*] struck 2 prison prior offenses . . . ." He continues that his own appellate counsel was unsure as to the legal effect of the court's striking the offenses. Specifically, he posits it is not clear whether the "2001 violent" was struck, the "2000 sexual case" was struck, or both. Finally, defendant argues that section "1385 (f)-(h)" applies to him, and he is entitled to "Equal and opportunity" under "*People vs. Monroe*." We understand these arguments to challenge the substance of the trial court's

5

ruling, which we will review. Having done so, we concur with the trial court's analysis that defendant is ineligible for relief under section 1172.75.

At the outset, we note defendant's 2000 conviction for unlawful sexual intercourse was never applied to support a prior prison enhancement; rather, it was defendant's prison term associated with the 2001 felony convictions for attempted forcible rape, forcible oral copulation, and sodomy by use of force that were used for the prior prison term enhancements. (*Fritz*, *supra*, C079871.)

Further, this court did not strike two of defendant's three prior prison term enhancements because defendant did not commit the crimes underlying those enhancements. Rather, as we previously explained, "Section 667.5, subdivision (b) imposes an additional one year penalty 'for each prior separate prison term . . . imposed . . . for any felony.' A prior separate prison term is 'a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes . . . .' (§ 667.5, subd. (g).) '[T]his statutory language means that only one enhancement is proper where concurrent sentences have been imposed in two or more prior felony cases.' (*People v. Jones* (1998) 63 Cal.App.4th 744, 747; see also *People v. Carr* (1988) 204 Cal.App.3d 774, 779 ['a defendant serves a single term in state prison notwithstanding that the term consists of several separate sentences attributable to different convictions'].)" (*Fritz*, *supra*, C079871.)

Consequently, when this court struck two of the three prior prison term enhancements under section 667.5, subdivision (b), we were not determining that any of the three convictions did not support the enhancement or should be stricken. Rather, we decided that because the three convictions resulted in only one continuous prior prison term, they could support only one prior prison term enhancement. (*Fritz*, *supra*, C079871.)

Moreover, defendant's convictions for forcible oral copulation (former § 288a, subd. (c)(2) and forcible sodomy (§ 286, subd. (c)(2)) are sexually violent offenses (Welf. & Inst. Code, § 6600, subd. (b)) upon which a prior prison term enhancement may still be based (§ 667.5, subd. (b)). As a result, defendant's sentence was not subject to recall under 1172.75. (§ 1172.75, subds. (a), (c).) Nothing in *People v. Monroe* (2022) 85 Cal.App.5th 393, which concerns the breadth of resentencing authority *after* recall of a defendant's sentence (*id*. at pp. 399-402) suggests differently. Since defendant is not entitled to have his sentence recalled, he is not entitled to receive a full resentencing to which the amendments of section 1385 might apply.

**DISPOSITION**

The judgment is affirmed.


 /s/ 
Wiseman J.*


We concur:


 /s/ 
Earl, P. J.


 /s/ 
Hull, J.


---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7